# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 17-07421-RGK-JPRx | Date | October 13, 2017 |
|---|---|---|---|
| Title | ***JOSE RUVALCABA et al v. FORD MOTOR COMPANY*** | | |

| Present: The Honorable | R. GARY KLAUSNER, U.S. DISTRICT JUDGE | |
|---|---|---|
| Sharon L. Williams | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**     **(IN CHAMBERS) ORDER REMANDING CIVIL ACTION TO SUPERIOR COURT**

On September 5, 2017, Josa Ruvalcaba, et al ("Plaintiffs") filed an action against Ford Motor Company ("Defendant") alleging state statutory and common law claims arising out of a faulty vehicle sold to Plaintiffs by Defendant.

On October 6, 2017, Defendant removed the action to federal court alleging diversity jurisdiction. Upon review of Defendant's Notice of Removal, the Court hereby remands the action for lack of subject matter jurisdiction.

Pursuant to 28 U.S.C. § 1332, district courts shall have original jurisdiction over any civil action in which the parties are citizens of different states and the action involves an amount in controversy that exceeds $75,000. After a plaintiff files a case in state court, the defendant attempting to remove the case to federal court bears the burden of proving the amount in controversy requirement has been met. *Lowdermilk v. United States Bank Nat'l Ass'n*, 479 F.3d 994, 998 (9th Cir. 2007). If the complaint does not allege that the amount in controversy has been met, the removing defendant must supply this jurisdictional fact in the Notice of Removal by a preponderance of the evidence. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566-567 (9th Cir. 1992).

In his complaint, Plaintiff seeks general and special damages, civil penalties, punitive damages, and attorney's fees and costs. In its Notice of Removal, Defendant estimates damages in the amount of $58,881.33. Defendant then states that attorney's fee and punitive damages by themselves, will far exceed the $75,000, and added to the estimated damages calculated above, will surpass the requisite amount in controversy. Therefore, the Court finds that Defendants have failed to satisfy its burden of showing by a preponderance of the evidence, that the amount in controversy meets the jurisdictional requirement.

However, district courts within the Ninth Circuit are split with respect to including prospective

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 17-07421-RGK-JPRx | Date | October 13, 2017 |
|---|---|---|---|
| Title | ***JOSE RUVALCABA et al v. FORD MOTOR COMPANY*** | | |

attorneys' fees in the amount in controversy, and some courts have declined to do so. *See, e.g.*, *MIC Philberts Invs.v. Am. Cas. Co of Reading, Pa.*, 2012 WL 2118239 at *5 (E.D. Cal. June 11, 2012). In those cases, the courts have found that attorneys' fees are in the control of the client and counsel and may be avoided or accrue over years, depending on legal strategy. *See Grieff v. Brigandi Coin Co.*, 2014 WL 2608209 at *3 (W.D. Wash. June 11, 2014). The Court finds those holdings well-reasoned and finds that prospective attorneys' fees are too speculative for inclusion into amount in controversy. As to punitive damages, the Court also finds an assumption of the amount in punitive damages too speculative, absent more evidence.

In light of the foregoing, the Court finds that Defendant has failed to satisfy its burden of showing diversity jurisdiction by a preponderance of the evidence. The Court thus **remands** this action to state court for all further proceedings.

**IT IS SO ORDERED.**

_____ : _____

Initials of Preparer

_____